Accordingly, defendant's motion will be granted.

**Mary Regina SULLIVAN et al., Plaintiffs,**

v.

**William G. deCOLIGNY et al., Defendants.**

**Civ. No. 1976/393.**

District Court, Virgin Islands, D. St. Croix.

June 14, 1977.

Kenneth R. Lindquist, Christiansted, St. Croix, Virgin Islands, for plaintiffs.

David V. O'Brien, Christiansted, St. Croix, Virgin Islands, for defendants.

## ACTION FOR BREACH OF CONTRACT AND OTHER RELIEF

## MEMORANDUM OPINION

WARREN H. YOUNG, District Judge.

Defendants have moved for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, 5 App. I V.I.C. R. 12(c), with respect to three of eleven counts contained in plaintiffs' complaint, Counts II, III and IV.

Counts II and III pertain to claims for damages due to outrageous conduct causing severe emotional distress to plaintiff Mary Regina Sullivan and to plaintiff John Sullivan respectively. Defendants aver that the conduct herein alleged is not of such an outrageous nature as to fall within the am-

bit of the tort. Although the Restatement of Torts, Second § 46 contemplates atrocious and intolerable conduct in order to establish said causes of action, and provides that the Court must preliminarily ascertain whether the defendants' conduct is of such an outrageous nature as to permit recovery, the Court cannot, at this stage of the instant proceedings rule that the conduct alleged in the complaint is not actionable under § 46 of the Restatement. The Court will permit the respective parties to proceed to trial and to introduce whatever evidence they may wish to offer before determining whether the alleged conduct of defendants was of such a nature as to warrant submitting the issue of liability to the jury.

■ Count IV of the complaint contains a cause of action for tortious interference with familial relations. Plaintiffs aver that the conduct of defendants constituted a deliberate, intentional, malicious, wanton and willful interference with the parents' right to send their children to the school of their choice, and the childrens' constitutional right to attend the school of their choice. Defendants aver that there exists no such constitutional right, and that absent such the cause of action must fail. The Court does not feel that it is necessary for plaintiffs to establish that defendants' conduct rose to constitutional dimensions in order to establish a prima facie case with respect to Count IV of the complaint. Though plaintiffs aver such a right, their course of action will not rise or fall on the extent to which constitutional considerations permeate the inquiry herein. The Court must note, however, that the specific allegations set forth in the complaint do not establish a traditional familial relations tort under chapters 32 and 33 of the original Restatement. This factor may be crucial in determining whether the cause of action set forth in Count IV can be submitted to the jury. However, any ruling with respect thereto will be deferred until plaintiffs have had the opportunity at trial to present their case in chief.

Defendants move the Court for the entry of summary judgment in their favor pursu-

ant to F.R.C.P. 56, 5 App. I V.I.C. R. 56, as to Count VIII of the complaint. Said count pertains to a stockholder derivative suit, brought on behalf of Country Day School against certain of the named defendants pursuant to 13 V.I.C. § 341. Plaintiffs predicate their standing to maintain said action upon their status as parents of students enrolled at Country Day as well as Mary Regina Sullivan's status as a teacher at the school. The relief prayed for encompasses removal of certain of the named defendants from office and a Court order directing new elections to fill any vacancies on the Board of Trustees stemming from said removals. Defendants aver that inasmuch as the school year terminated prior to the filing of the complaint herein, plaintiffs do not have standing to maintain this action.

The Court need not decide whether the commencement of summer vacation at Country Day marks the termination of status as a "member" of a school. It is fairly well settled that the requirement of shareholder or membership status in a corporation is a continuing requirement throughout a shareholder derivative action and that such an action will abate if plaintiffs cease to be shareholders or members prior to the termination of litigation. Wright & Miller, Federal Practice and Procedure § 1826; 19 Am.Jur.2d, Corporations § 569. The Virgin Islands Code is silent on this point and there is an absence of germane local case law. Nonetheless the Court deems said rule to be sound for where the relief sought is of a drastic nature as herein and will, if granted, significantly affect the day to day operations of the corporate entity, the party maintaining said action should have a continuing interest in the corporate body. The matters heretofore filed with the Court by the respective parties, reveal that neither plaintiff, Mary Regina Sullivan, nor her children are in any manner now associated with Country Day School. Accordingly, plaintiffs no longer have standing to maintain a derivative action on behalf of Country Day pursuant to 13 V.I.C. § 341, and defendants are entitled to an entry of summary judgment in their favor with respect to said cause of action.