**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Curtis AUSTIN, Defendant.**

**Oscar B. Goodman, Movant-Appellant.**

**No. 84–1016.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 4, 1984.*

Decided Dec. 27, 1984.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed.R. App.P. 34(a) and 9th Cir.R. 3(f).

**1408**

Booker T. Evans, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Richard A. Wright, Las Vegas, Nev., for movant-appellant.

Before BARNES, HUG, and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

Oscar B. Goodman, an attorney, (hereinafter Goodman) appeals from an imposition of attorney sanctions under 28 U.S.C. § 1927.[1] We must decide: (1) whether the trial judge may impose a sanction without evidence that Goodman acted willfully, intentionally, recklessly or in bad faith and (2) whether the cost of impaneling a jury is an "excess cost" within the meaning of section 1927. We discuss each issue and the facts pertinent thereto under separate headings below.[2]

I

REQUISITE STATE OF MIND

■ Goodman contends that the district court lacked the authority to impose sanctions against him under section 1927 because the trial judge did not find his conduct to be willful, intentional, reckless, or in bad faith. We agree. It is the law of this circuit that a sanction may not be imposed under section 1927 without an express finding that counsel acted willfully, intentionally, recklessly, or in bad faith. *Barnd v. City of Tacoma*, 664 F.2d 1339,

1. 28 U.S.C. § 1927 provides as follows:

Any attorney or other person admitted to the bar to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

1343 (9th Cir.1982); *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir.1983); see *Malhiot v. Southern California Retail Clerks Union*, 735 F.2d 1133, 1138 (9th Cir.1984) (sanctions imposed on appeal after finding of bad faith and intentional misconduct). No such finding appears in this record.

The undisputed facts show that Goodman represented a client in a criminal proceeding. On October 18, 1983, the matter was set for trial on January 10, 1984. On January 9, 1984 the trial date was vacated pursuant to stipulation and without a court appearance. On January 12, 1984, the Clerk of the Court notified counsel that trial would commence on Monday, January 16, 1984. During a reported conference in chambers, Goodman explained to the court that his client was not told that the case was set for trial on January 16, 1984. Goodman explained that he had attempted to contact his client to inform him of the trial date. Goodman was unsuccessful, however, because his client was a trucker who was on the road from seven to ten days at a time when a call was placed to his home. The court issued a bench warrant, but agreed to recall it if Goodman was able to reach his client.

On January 17, 1984, Goodman reported he had attempted to contact his client by telephone but was told that he had not returned from his current trip. The prosecutor advised the court that he had spoken to law enforcement officers from the area near the defendant's ranch as well as his residence in Southern California. The police informed the prosecutor that the defendant was on a trucking haul. The court was also advised that the Nevada Highway Patrol and the FBI had been notified and, as a result, a nationwide all-points-bulletin had been issued. The court then forfeited the defendant's bail and continued the matter for trial until January 25, 1984. The court thereupon excused the jury panel.

On January 20, 1984, the court held additional proceedings concerning Goodman's client. The prosecutor reported that he had no information as to the defendant's present whereabouts.

expenses and attorneys' fees reasonably incurred because of such conduct.

2. Because this is a question of statutory interpretation, we review these issues *de novo. Dumdeang v. CIR*, 739 F.2d 452, 453 (9th Cir. 1984).

The court then asked Goodman to restate the contacts he had made to locate his client. Goodman advised the court of two additional conversations with a person he believed was the wife of his client. She told him she had not heard from the defendant.

The court then stated that "more diligence is required on your part to stay in touch with your client and to make sure that your client stayed in touch with you." The court also noted that the cost of bringing the jury panel was $2,074. The court then imposed a sanction "under [1927] of Title 28 in the amount of $2,000."

In response to Goodman's claim that he was not "lacking of diligence," the court stated: "it just doesn't seem to me that enough time and effort was put in by you to insure his attendance."

These facts do not demonstrate that Goodman's failure to contact his client to advise him of the new trial date was willful, intentional, reckless, or in bad faith. The court's finding of a lack of diligence does not conform to the requirements of Section 1927. *See United States v. Ross*, 535 F.2d 346, 349 (6th Cir.1976) (it is inappropriate to impose a sanction for an unintended inconvenience to the court).

The evidence was insufficient to support the sanction imposed on Goodman.

## II

### COST OF IMPANELING THE JURY

The trial judge imposed sanctions on Goodman to cover the approximate cost of summoning jurors on the date his client failed to appear for trial. The court lacked the statutory authority to do so.

Excess costs recoverable under 28 U.S.C. § 1927 include only those taxable costs enumerated in 28 U.S.C. § 1920 (costs taxable to a losing party). *Roadway Express Inc. v. Piper*, 447 U.S. 752, 757-60, 100 S.Ct. 2455, 2459-61, 65 L.Ed.2d 488 (1980). The cost of summoning a jury is not expressly set forth in section 1920 as an excess cost. Therefore, the expenses of calling a jury cannot be taxed as a cost under 28 U.S.C. § 1927. *United States v. Ross*, 535 F.2d at 350-51.

REVERSED.