In re Andrew S. **RICHARDSON**, Appellant.

In re John M. **RONEY**, Appellant.

In re John M. **RONEY**, Andrew S. Richardson, Appellants.

Nos. 85-1517, 85-1618 and 85-1968.

United States Court of Appeals, First Circuit.

Submitted Feb. 6, 1986.

Decided June 11, 1986.

Robert B. Mann, Providence, R.I., on brief, for appellants.

Joseph J. Roszkowski, Woonsocket, R.I., Vincent D. Morgera, Lauren E. Jones, Martin W. Aisenberg, and Jones & Aisenberg, Providence, R.I., on brief, for Rhode Island Bar Ass'n and Rhode Island Trial Lawyers Ass'n, amici curiae.

John P. Barylick, Vincent T. Cannon, Peter J. Cerilli, William A. Curran, Leonard Decof, Mark B. Decof, Mercedes G. Deines, John F. Dolan, John S. Foley, E. Paul Grimm, Kirk Hanson, Joseph Kelly, R. Daniel Prentiss, David P. Whitman, and Max Wistow, Providence, R.I., on brief, pro se, as amici curiae.

Before COFFIN, BOWNES and TORRU-ELLA, Circuit Judges.

PER CURIAM.

Appellants, two attorneys, appeal from $200 sanctions imposed on them when they did not appear for a scheduled hearing.

We review the background. Four persons, desiring federally subsidized housing, brought an action contending that due process requires that housing applicants be afforded notice of and an opportunity to challenge adverse credit reports before they are denied housing on the basis of the reports. The plaintiffs apparently all were originally represented by Rhode Island Legal Services. Subsequently, Legal Services withdrew its representation of two of the four plaintiffs—McLellan and Davis—and appellant Roney entered an appearance for one and appellant Richardson for the other. This was done, according to the attorney from Legal Services, "because there was a prior personal matter [between McLellan and Davis] which could be of evidentiary importance between them only."

The two plaintiffs represented by Legal Services moved for class certification, and a hearing was scheduled for July 17, 1985. At the hearing, the Legal Services attorney informed the court that Attorney Roney would not be attending, stating as follows: "Mr. Roney ... will not be present today. He is not representing anyone who is present in this motion." The court disagreed that Roney's presence was not needed, explaining as follows: "It ... has been briefed that there's a conflict between some of the ... plaintiffs [a]nd ... the parties whom he represents have a right to be heard on that issue. And going forward without him denies those parties ... the rights that they have." The court then ascertained that Attorney Richardson, as well as a third attorney representing one of the defendants, were not present and questioned the clerk to determine whether the attorneys had been informed of the hearing. The following exchange then occurred:

"COURT: Did you talk with Mr. Richardson?

CLERK: Yes, I did.

COURT: How about Mr. Roney?

CLERK: I talked to Mr. Roney.

(Clerk conferring with the Court)

COURT: You thought that Mr. Roney had said to you he was out of the case and he wasn't going to come.

CLERK: Right. So I found out that he was still in the case because I checked the last notice.

COURT: And you found out that he was in the case. I'm trying to get this on the record but she won't speak loud enough.

CLERK: So I called his office back, his secretary answered and I said please tell Mr. Roney that I still expect him to be here. She said she would give him the message. He told me that he wasn't involved. That's what he said to me at that time. I thought he meant he wasn't in the case any more. When I found out he was, I called back and left the message with his secretary."

The court thereupon, sua sponte, directed that the three absent attorneys each be sanctioned $200. The hearing then continued. After hearing arguments from the parties who were present, the court denied class certification because the proposed class was "so all inclusive that not only would there be difficulty in determining who was a member of the class at a time after judgment, but there would be difficulty in arriving at a judgment in terms of what were the specific fact issues that were involved here" and because there was "a serious issue in this case of representation of the class, that is, whether there is a conflict such that these plaintiffs cannot adequately represent the class." The court continued,

"This frankly is a rather unique situation where I'm told that of the four original plaintiffs represented by the same counsel, two now have separate counsel because of some sort, personal conflict, not with counsel but I gather between themselves. That is, one is upset with the other. The one thing that we don't know at this point is whether those two who are upset with each other are pleased with [the two plaintiffs represented by

Legal Services], and we don't know that because their counsel chose not to be here today."

Upon hearing of the sanctions, appellants promptly wrote to the court explaining that they had meant no disrespect in failing to appear; they had felt the class certification issue was of no substantial interest to their clients; they had been mindful of a previous conference where, they said, the court had been critical of the number of plaintiffs' counsel; they had not understood or been informed that their presence was mandatory or desired; they had not been aware of the rule, articulated to them for the first time after the imposition of sanctions, that "all parties be represented at all hearings and all motions"; and they had subsequently checked with eight or nine attorneys, none of whom was aware of any such rule. The court wrote back denying appellants' request to rescind the sanctions, stating as follows:

"An entry of appearance in an action pending in this Court is an assurance that you will be present at all hearings involving the pending action. It is not as you suggest the duty of the court to inform counsel of this ...

"Will you please furnish to me the names of the eight or nine attorneys with whom you discussed this matter in order that we may make certain that what has been up to now the universal understanding of the Bar is also understood by them."

Appellants then filed a more formal motion for reconsideration of the order imposing sanctions, submitted affidavits repeating the substance of their letter, and forwarded affidavits from seven other attorneys who stated they were not aware that the entry of an appearance obligated the attorney to attend all hearings on motions, including those in which the attorney's client had no interest. The motion was denied. Later, upon receiving a copy of the transcript of the class certification hearing wherein the clerk had stated that Roney's secretary had been told Roney would be expected to attend the hearing, attorney

Roney wrote a further letter to the court stating that he had informed the clerk he had no interest in the hearing and therefore did not intend to attend, and he enclosed a copy of the message slip he had received from his secretary. The message read

"LeClair hearing is 3:30 tomorrow—she realized you don't want to come but she was obligated to call you and let you know anyway."

We have reviewed the Local Rules of the United States District Court for the District of Rhode Island. We find nothing therein or elsewhere which would have placed appellants on reasonable notice that their appearance at any hearing on any motion regardless of their clients' interest was automatically required unless permission not to attend were specifically requested and obtained. Indeed, Local Rule 12(a)(2) requires only the party *against* whom a motion is made to respond to a motion. *See* Local Rules of the District of Rhode Island for the United States District Court 12(a)(2) ("within 10 days after service upon him, the party against whom a motion is made *shall* serve and file, and any other party to the action *may* serve and file, a response to the motion stating whether he opposes or does not oppose the motion") (emphasis added). Here, it was defendants—and not appellants' clients—against whom the class certification motion was filed. Nor is this a situation where appellants' clients would be so obviously interested in the outcome of the motion that common sense would dictate that appellants' presence at the hearing would be expected. Even if, as a matter of simple courtesy to court and counsel, it might be thought that counsel would routinely inform the court in advance when they were not planning to attend a hearing of which they had been informed, we see nothing which would provide fair warning that failure to do so could subject counsel to sanctions. Consequently, we conclude that apart from the question which we next address—namely, whether appellants had been directed by the court to attend the hearing—appellants could not permissibly be sanctioned for their non-attendance.

There remains the question whether appellants had been told by the court (through the clerk) to attend the certification hearing and, if so, whether the monetary assessments may stand as a proper sanction for disobeying the court's directive. There are several problems with this approach. First, on the present record, while there is no dispute that both attorneys were informed the hearing had been scheduled, there is no evidence that appellant Richardson was told to attend the hearing, and the evidence is conflicting whether Roney was so informed. On the one hand, the clerk, in the exchange we have quoted at page three of this opinion, said Roney's office was informed that Roney was "expect[ed]" to attend. On the other hand, Roney denied receiving any such message. While we do not now determine whether the imposition of a monetary sanction always must be preceded by notice and hearing, we think factual disputes of this sort underscore the desirability in general—and the necessity in the instant case—of affording notice and hearing. See generally *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 570–571 (3d Cir.1985). Furthermore, as the propriety of a sanction would depend heavily upon what the clerk actually said to appellants and to their secretaries, we think that before appellants could be sanctioned for violating a directive to appear, they would first have to be granted the right to confront the clerk and to call relevant witnesses, and findings as to what appellants or their office were told would have to be made. Because appellants were not afforded adequate procedural due process, and as the record is inadequate to uphold the monetary assessments as a sanction for failing to obey a directive to appear, the order imposing sanctions may not stand on that basis.

Rather than vacate the order and remand for further proceedings (*e.g.*, for the taking of testimony), we think the proper disposition is to reverse. This is because we do not think the court purported to act

on the basis that appellants had been expressly told to appear and therefore should be sanctioned for disobedience of a direct command. Rather, the court's letter to appellants indicates appellants were sanctioned for violating an unwritten rule—namely that the filing of an appearance is an assurance counsel will attend all scheduled hearings—of which the court thought appellants should be aware. As we have concluded appellants did not have fair warning of this unwritten rule, the sanction may not stand on that basis, and we will not reach to uphold sanctions on a basis the district court did not invoke.

The July 17, 1985 oral order and July 22, 1985 written order directing appellants each to pay $200 are reversed.