**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**ADELBERT BRYAN, Defendant**

Criminal No. 1989-129

District Court of the Virgin Islands

Div. of St. Croix

*February 20, 1990*

LEE J. ROHN, ESQ., St. Croix, V.I., *for Dudley Fabio*

158

JEFFREY B. C. MOORHEAD, ESQ. (LAW OFFICES OF WINSTON HODGE), St. Croix, V.I., *for defendant*

CAHN, *District Judge*

## BENCH OPINION

Before the Court is the application by the attorney for Dudley Fabio, who seeks reimbursement of $1,200 in counsel fees incurred in opposing a motion filed December 18th, 1989 by Jeffrey Moorhead, Esq., to depose Dudley Fabio in the within-captioned criminal matter of Government of the Virgin Islands v. Adelbert Bryan.

The basis for the claim for attorney fees is that Attorney Moorhead stated in his motion that "Dudley Fabio is also extremely ill and dying of cancer." In fact, Mr. Fabio was not extremely ill and dying of cancer. He did not have cancer at all. His medical condition required kidney dialysis several times per week. Thereafter, the motion to depose Fabio in the criminal case was denied, and Fabio testified at the criminal trial under subpoena from Bryan's counsel.

Counsel for Fabio proceeds under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

■ Fabio's attorney has appeared before the Court personally and has produced time records which verify that she spent eight hours in meeting with Mr. Fabio, researching the right of a criminal defendant to depose a witness, and preparing the documentation in support of her application for counsel fees. At the hearing held February 15th, 1990, she informed the Court that there were no excess costs or expenses incurred in this matter and that the claim is limited to attorney fees.[1]

---

[1] In addition, she seeks an apology from Attorney Moorhead on behalf of Mr. Fabio. The statute does not give the Court authority to order Attorney Moorhead to apologize, and, therefore, that request for relief will be denied.

This is not to say that no apology may ever ensue. It is observed that Mr. Fabio may have a cause of action for intentional infliction of emotional harm.

I find as a fact that Mr. Fabio does not have cancer. His affidavit in that regard is uncontested, and Mr. Moorhead declined an opportunity to pursue further inquiry in that area.

Mr. Moorhead's assertion that the information he had that Mr. Fabio is dying of cancer was privileged is a lame excuse. Mr. Moorhead contends that it would have been easy for Mr. Fabio's attorney to clear this matter through a telephone conversation. In my view, it would have been equally easy for Mr. Moorhead to telephone Mr. Fabio or his attorney and inquire about his ability to testify at the Bryan trial. I find that his failure to do so was unreasonable and willfully in bad faith.

Mr. Moorhead's excuse is also lame because he need not have stated in the papers that he filed that Fabio was afflicted with cancer, even if he had had a legitimate belief that Dudley Fabio was on his death bed and could not testify at the trial. It would have been sufficient in the moving papers to suggest that the witness was dying. To make such a statement without a proper investigation, especially in a close-knit community, is unprofessional.

■ Attorney Moorhead suggests that the statute is not applicable to criminal matters and that the cases interpreting the statute are exclusively civil. He is incorrect. The statute by its language is not limited to civil cases and, by its own terms, applies to all proceedings in the courts of the territories of the United States.[2]

■ Mr. Moorhead urges that what he did was not something that multiplied the proceedings in the case in an unreasonable and vexatious manner, which are terms used in the statute. I disagree. The proceedings were multiplied by the additional motions generated by this procedure, and I find that it was unreasonable and vexatious to proceed in this manner. Although this statute is not to be invoked lightly, it is appropriate to invoke it when an attorney acts in willful

---

Restatement of Torts (Second) § 46 (1965); see also Chuy v. Philadelphia Eagles Football Club, 595 F.2d 1265, 1273–75 (3d Cir. 1979); Deary v. Evans, 570 F. Supp. 189, 200 (D.V.I. 1983); Sullivan v. deColigny, 432 F. Supp. 689, 690 (D.V.I. 1977). An apology might well result from such an action, if successful.

[2] I also direct Mr. Moorhead's attention to the following cases, all of which apply § 1927 to criminal actions. United States v. Austin, 749 F.2d 1407 (9th Cir. 1984); United States v. Blodgett, 709 F.2d 608 (9th Cir. 1983); United States v. Ross, 535 F.2d 346 (6th Cir. 1976); United States v. Josten, No. 88 CR 644 (N.D. Ill. Sept. 14, 1989) (1989 U.S. Dist. LEXIS 10983); United States v. Dawes, Nos. 88-10002-01, 88-10002-02 (D. Kan. Aug. 29, 1989) (1989 U.S. Dist. LEXIS 11046).

bad faith. Ford v. Temple Hosp., 790 F.2d 342, 347 (3d Cir. 1986); Baker Indus., Inc. v. Cerberus, Ltd., 764 F.2d 204, 208–09 (3d Cir. 1985). By failing to make even the simplest investigation, amounting to a telephone call to Fabio or his counsel, Mr. Moorhead transcended mere negligence. His departure from professional standards was willful, and I find that it could not have been made in good faith. Accordingly, this statute applies.

■ Consequently, an order will be entered imposing $1,200 attorneys' fees personally on Jeffrey Moorhead, Esquire.[3]

---

[3] In calculating this sum, I use the "lodestar" method familiar in attorney's fees litigation. See, e.g., Matthews v. Friedman, 128 F.R.D. 194, 207 n.8 (E.D. Pa. 1989) (lodestar method used in § 1927 fee calculation). Mr. Moorhead challenges the number of hours billed as excessive. Upon examining the billing records supplied and the work product submitted to this court, I am satisfied that the eight hours billed represent a reasonable expenditure of time. Mr. Moorhead's argument that Ms. Rohn could not have read the cases she cited, and thus that the hours devoted to research are excessive, is unsupported; I have reviewed the cases, and they are germane to the issues in this case. I thus find that Ms. Rohn's documentation is sufficient and that the time billed is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Northeast Women's Center v. McMonagle, 889 F.2d 466, 475 (3d Cir. 1989); Bell v. United Princeton Properties, 884 F.2d 713, 719–20 (3d Cir. 1989). Since Mr. Moorhead does not challenge Ms. Rohn's billing rate, I shall assume that it is accurate.