**Marguerite L. BOETTCHER,
Plaintiff, Appellant,**

v.

**The HARTFORD INSURANCE GROUP,
Defendant, Appellee.**

**Michael J. Kiselica, Appellant.**

**No. 90–2031.**

United States Court of Appeals,
First Circuit.

Heard Feb. 6, 1991.

Decided Feb. 28, 1991.

Michael J. Kiselica, Warwick, R.I., for plaintiff, appellant Boettcher.

Marguerite L. Boettcher, pro se.

Before CAMPBELL, Circuit Judge, BOWNES, Senior Circuit Judge, and SELYA, Circuit Judge.

BOWNES, Senior Circuit Judge.

This is an appeal from an order of the district court directing that plaintiff, Marguerite L. Boettcher, and/or Michael J. Kiselica, her attorney, pay $231.68 to the jury commissioner. This amount represented the cost of having six jurors present at court for one day. The order was issued because the plaintiff's case was settled on the day scheduled for starting trial and after the jurors had arrived at the courthouse. The court stated in its order that it was immaterial to it how the sum was allocated between the plaintiff and her counsel.

## I. THE PRELUDE

In December of 1989, plaintiff brought suit against the Hartford Insurance Group in the Superior Court of Kent County, Rhode Island. The complaint alleged that Hartford had agreed to settle a claim that she had against one of Hartford's insureds for twelve thousand dollars ($12,000); that

---

7. *See supra* note 3 & accompanying text.

plaintiff had executed a release prepared by Hartford to that effect; and that Hartford had refused to pay the twelve thousand dollars ($12,000) as promised in the release. Damages in the amount of twelve thousand dollars ($12,000) were alleged plus punitive damages in the amount of $100,000. On December 29, 1989, the case was removed to the federal district court of Rhode Island.

At the district court calendar call on August 15, 1990, the court raised a question about whether the damages met the jurisdictional floor of $50,000. 28 U.S.C. § 1332. Plaintiff's counsel pointed out that punitive damages in the amount of $100,000 were claimed in the complaint. A six-person jury was selected but not sworn.

On the day set for trial, plaintiff accepted one thousand two hundred dollars ($1,200) in full settlement of her claim before the trial started but after the jurors had reported for duty. Before dismissing the jurors, the court informed them that the case had been settled. He also told them:

> The reason this case settled was because you were here. This case has been kicking around for a year or so. The parties have had many opportunities to settle the case. I have suggested to them on several occasions that they ought to settle the case and they haven't been able to do so. They did so this morning only because you were here and ready, willing and able to settle the case for them. So you have disposed of this case just as surely by being here this morning as if you'd heard all of the evidence and rendered a verdict. So, please don't think that you didn't accomplish anything in the case. You did. You resolved the case even though you didn't have to render a verdict.

The court's remarks to counsel were in sharp contrast to what it had said to the jury. The judge first stated that, "as far as the parties and counsel are concerned, this matter is not over." He then said, "[T]his Court has made known in the past its unhappiness with these eleventh hour settlements." After telling counsel that he

thought "from the very beginning" that the case ought to have been settled, the judge pointed out the problems inherent in a settlement made on the day of trial after the jury has arrived at the courthouse. Counsel were then informed that there would be a hearing "on the assessment of jury costs in this case." The court set the date for the hearing and told counsel that two determinations would be made: "whether jury costs should be imposed against either counsel or either party in this case"; and "who should bear those costs." The court also said:

> And I encourage you to spread the word to the other members of the bar. Because this is going to be a regular practice as far as I'm concerned. From now on whenever I get the indication that counsel or their clients dally around and do not seriously address their obligations to attempt to settle cases in good faith until the day that the trial is going to begin, we're going to have an assessment of Jury costs. And I may go even further than that. It may go beyond Jury costs in the future. So, do a service to your fellow members of the bar and let them know that the gloves are off. And that's going to be the way it is in here from now on.

At the hearing the court first stated its understanding of the events leading to the hearing: that Hartford claimed that the release executed by the plaintiff should have been $1,200; that $1,200 was the amount agreed upon between the parties; that in drawing up the release a typographical error had been made; that Hartford had always been ready to settle the case for $1,200; that the plaintiff consistently rejected that offer; and that the court had "on a number of occasions" talked to counsel about settling the case, but no settlement was reached until the day of trial.

Counsel for the plaintiff first took issue with the court's statement of the events leading to the hearing. He stated that the release was clear, that twelve thousand dollars ($12,000) was both written out and given in figures in the release. Plaintiff's counsel also argued that the negotiations

for the release were conducted between Hartford and the plaintiff's mother, that plaintiff herself had not had any discussion with Hartford. Plaintiff's counsel also took issue with the court's statement that it had urged the parties to settle "on a number of occasions." He recalled only one occasion when the court urged settlement.

Plaintiff's counsel then told the court that he had met with his client the day before the trial date, and that both his client and he intended to go forward with the trial because they did not consider the offer of $1,200 to be sufficient. He was surprised, therefore, to find his client very upset and distraught when he met her on the day of trial. According to plaintiff's counsel, Hartford had threatened to sue plaintiff if she lost her suit against it, and this caused her to become emotionally unhinged. When he talked to her, she broke down and cried. Plaintiff then told him to settle the case, which he did.

In his argument on the law, plaintiff's counsel pointed out that his duty as an attorney required him to do as his client wished and settle the case. His main argument was that the parties in this case should not be penalized because they had no advance notice that jury costs would be imposed for settling after the jury had reported for duty on the first day of trial.

After hearing from defense counsel, the court ordered that plaintiff and/or her attorney pay the jury costs. The reasons given by the court were: unnecessary costs incurred for the jurors' attendance at court; two days loss of trial time by the court; and unreasonable conduct by the plaintiff in delaying settlement.

There is no local district court rule providing for the payment of jury costs for settling a case on the day of trial after the jury has reported to the courthouse. No notice was given to counsel in this case, either orally or in writing, at any time prior to the settlement that jury costs would be imposed if there was a settlement on the scheduled trial date.

## II. THE LAW

The district court relied on its inherent power and 28 U.S.C. § 1927 for its authority to assess jury costs. The statute provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

It is clear beyond peradventure that 28 U.S.C. § 1927 does not include jury costs. In *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), the Court held that costs under 28 U.S.C. § 1927 are limited to those enumerated in 28 U.S.C. § 1920.[1] *Id.* at 757–61, 100 S.Ct. at 2459–61.

The costs enumerated in § 1920 do not include jury costs and 28 U.S.C. § 1927 has been interpreted to exclude such costs. *See Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 560 (3d Cir.1985) (*en banc*); *United States v. Austin*, 749 F.2d 1407, 1409 (9th Cir.1984); *United States v. Ross*, 535 F.2d 346, 347 (6th Cir.1976).

---

1. 28 U.S.C. § 1920 provides:
   A judge or clerk of any court of the United States may tax as costs the following:
   (1) Fees of the clerk and marshal;
   (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
   (3) Fees and disbursements for printing and witnesses;
   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

   (5) Docket fees under section 1923 of this title;
   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
   A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Nor can the court's reliance on its inherent power for the imposition of jury costs be sustained. Lack of fair notice is fatal to its exercise of inherent power under these circumstances. We do not doubt the inherent power of a district court to act promptly and forcefully in the face of egregious or outrageous conduct by a party or counsel, but this conduct, violating no previously declared rule and not on its face outrageous, does not reach any such level. It is evident from what the district court said at the time of settlement and the subsequent hearing that it was using this case as the first step in adopting a new approach to day-of-trial settlements. The law forbids the imposition of a new rule without prior notice.

In *Roadway Express*, the Court cautioned about the use of a court's inherent powers: "Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." 447 U.S. at 764, 100 S.Ct. at 2463. We were faced with a situation somewhat analogous to this case in *In re Richardson*, 793 F.2d 37 (1st Cir.1986). In *Richardson* three attorneys were each sanctioned $200 for failure to appear at a class certification hearing. We found that the sanctions were imposed "for violating an unwritten rule—namely that the filing of an appearance is an assurance counsel will attend all scheduled hearings—of which the court thought counsel should be aware." We set aside the sanctions because "appellants did not have fair warning of this unwritten rule...." *Id.* at 41. *See also Eash v. Riggins Trucking Inc.*, 757 F.2d at 571 ("fundamental fairness may require some measure of prior notice to an attorney that the conduct that he or she contemplates undertaking is subject to discipline or sanction by a court.").

The sanction order of the district court is reversed. Case dismissed. No costs.