BRISCOE, Circuit Judge,
dissenting.
I respectfully dissent. In my view, the district court’s order assessing jury costs against counsel was clearly a sanction that was issued without a factual basis in the record and without sufficient notice. I would reverse.
I.
When the parties appeared before the district court for trial on January 13, 2003, the district judge advised them that she was ill. The judge proposed conducting voir dire to select a jury and continuing the trial proceedings until January 21, 2003 (the day after the Martin Luther King, Jr., holiday), and the parties agreed. After the district judge completed the voir dire proceedings, she advised the jurors to call the court “[ajnytime between Friday [at 5 p.m.] and Tuesday morning ... to find out if you’re still supposed to report” for trial. App. at 182. Following completion of voir dire, the magistrate judge conducted a settlement conference. No settlement was reached but “substantial progress” was made and the parties continued throughout the ensuing week to engage in settlement discussions. Aplt. Br. at 9-10.
On January 17, the district judge allegedly directed the magistrate “to communicate to [counsel]” that they would “be responsible for the cost of the jury panel” if the case settled after “3 o’clock on Friday.” App. at 193. The magistrate “informed [one of the defense attorneys], who in turn relayed the information to [the lead counsel for plaintiff Sally Beauty], that the district court would need to know that a settlement had been reached prior to 3:00 p.m. on Friday ... if jurors were to be notified to avoid reporting for duty on Tuesday, January 21st.” Aplt. Br. at 10. However, appellants and defense counsel deny being informed by the magistrate that they would be responsible for jury costs if settlement was reached after that time.
On the evening of January 20, the parties “finally did reach agreement to settlement terms,” and “[a] signed writing memorializing the terms was received by plaintiffs’ lawyers from defendant’s lawyers at approximately 10:00 p.m.” Aplt. Br. at 10. Between 8:00 and 9:00 a.m. the following morning, appellants “informally informed the Trial Judge’s chambers that they believed ... a settlement agreement *1193 had been concluded.” Id. at 11. At a hearing convened at approximately 9:00 a.m., the district judge noted that she “ha[d] in front of [her] an agreed settlement order which [wa]s signed by most of you, [but] not enough to make it a settlement as yet.” App. at 190. After confirming that defendant’s insurer had agreed to pay the agreed settlement terms, the district judge noted her intent to discharge the jury and dismiss the “case on entry of the agreed settlement order.” Id. at 198. In doing so, the judge expressed frustration at having “been told [apparently by the magistrate judge] that ... the case [wa]s settled too many times.” Id. at 190. Upon inquiry by the district judge, counsel denied that they had been informed by the magistrate judge that jury costs would be imposed against them if the case settled after 3:00 p.m. on January 17. The district judge proceeded to impose the jury costs “on counsel jointly.” Id. at 194. The written order, dated January 23, 2003, stated:
As stated in open court on Tuesday, January 21, 2003, because counsel required the attendance of the selected jury despite having settled the case in time to avoid the expense to the Courts, counsel are required to pay to the Government those costs. As reflected by the records of the jury clerk, attached hereto, the total cost is $405.68. This shall be borne equally between Plaintiffs and Defendant. Each shall remit a check in the amount of $202.84, made payable to the U.S. District Courts within twenty (20) days.
Id. at 152. The district court granted appellants’ motion for stay of judgment on February 13, 2003.
II.

Nature of district court order

Despite the majority’s statement to the contrary, there is little doubt the district court’s order constitutes a sanction. It is apparent from the record that the district court was not acting pursuant to any Federal Rule of Civil Procedure, statute, or local rule regarding the imposition of costs. Cf. Martinez v. Thrifty Drug & Discount Co., 593 F.2d 992, 993 (10th Cir.1979) (approving local court rule of United States District Court for District of New Mexico “which authorized the court, under certain conditions, to impose jury costs against the parties and their counsel”); Fed.R.Civ.P. 54(d) (authorizing award of costs to prevailing party and against losing party); 28 U.S.C. § 1920 (authorizing taxation of certain costs); 28 U.S.C. § 1927 (authorizing imposition of costs on any attorney “who so multiplies the proceedings in any case unreasonably and vexatiously”). Thus, the only reasonable conclusion is that the district court was sanctioning counsel for what it viewed as noncompliance with its pretrial order regarding notification of settlement (i.e., its oral direction to counsel to notify the court if settlement occurred pri- or to 3 p.m. on January 17, 2003). See In re Baker, 744 F.2d 1438, 1440-41 (10th Cir.1984) (characterizing similar order as sanction pursuant to Fed.R.Civ.P. 16(f)).
“[F]ederal district courts have the inherent power to manage their business ‘so as to achieve the orderly and expeditious disposition of cases.’ ” LaFleur v. Teen Help, 342 F.3d 1145, 1149 (10th Cir.2003) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). In particular, federal district courts have the inherent power “to fashion an appropriate sanction for conduct which abuses the judicial process.” Chambers, 501 U.S. at 44-45, 111 S.Ct. 2123. We “review a court’s imposition of sanctions under its inherent power for abuse of discretion.” LaFleur, 342 F.3d at 1149 (internal quotations omitted). In doing so, we review the district court’s underlying factual findings for clear error. Id. “An abuse of discre *1194 tion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings.” Ashby v. McKenna, 331 F.3d 1148, 1149 (10th Cir.2003) (internal quotations omitted).

Lack of factual basis for sanction

Appellants assert, and I agree, that the facts of record are inadequate to support the district court’s sanction. There is no evidence in the record that appellants had been advised by the district court that settlement of the case after 3:00 p.m. on January 17, 2003, would result in the imposition of jury costs against them. Thus, as noted by appellants, there was no evidence that they acted in bad faith or in willful disobedience of a court order in settling the case on the night of January 20, 2003. Indeed, the district court made no findings of misconduct on the part of appellants or anyone else involved in the litigation. See App. at 194 (“I don’t know who’s been at fault for what’s happened in this case or the communications that were made to me, and I don’t particularly want to know.”). Finally, and most troubling, the district court’s written order of January 23, 2003, erroneously stated that counsel “required the attendance of the selected jury despite having settled the case in time to avoid the [jury] expense to the Courts.” Id. at 152. As outlined above, the record belies this finding. A tentative settlement was not reached until 10:00 p.m. on January 20, 2003 (the night before trial), and the actual settlement agreement was not finalized until the morning of January 21, 2003 (when the defendant’s insurer agreed to pay the terms of the settlement). Thus, contrary to the district court’s written order, there is no evidence that the case was settled in time to avoid the jury expense.

Lack of notice

Appellants also contend the district court “failed to accord them due process of law,” including providing them with “requisite notice” of the possibility of sanctions. Aplt. Br. at 14. I agree.
The only published circuit case that I have found on point is Boettcher v. Hartford Ins. Group, 927 F.2d 23 (1st Cir.1991). In Boettcher, the trial court directed that the plaintiff and her attorney pay $231.68 to the court’s jury commissioner as a result of having settled their case on the first day of trial. The trial court cited the following reasons for its order: “unnecessary costs incurred for the jurors’ attendance at court; two days loss of trial time by the court; and unreasonable conduct by the plaintiff in delaying settlement.” 927 F.2d at 25. On appeal, the First Circuit reversed the trial court’s order. In doing so, the court noted there was “no local district court rule providing for the payment of jury costs for settling a case on the day of trial after the jury ha[d] reported to the courthouse,” nor was notice “given to counsel in this case, either orally or in writing, at any time prior to the settlement that jury costs would be imposed if there was a settlement on the scheduled trial date.” Id. The court concluded that “[l]ack of fair notice [wa]s fatal to [the trial court’s] exercise of inherent power under these circumstances.” Id. at 26. Thus, the court set aside the sanctions “because appellants did not have fair warning of th[e trial court’s] unwritten rule.” Id. (internal quotations omitted).
As was the case in Boettcher, the district court here imposed its sanction order without fair warning to appellants. In particular, there was no evidence that appellants were advised by the magistrate judge that settlement of the case after 3:00 p.m. on January 17, 2003, would result in the jury costs being imposed on them. Absent such an express warning, I am not persuaded that reasonable attorneys in their position would or should have known they *1195 would be liable for such costs. See Zebrowski v. Hanna, 973 F.2d 1001, 1007 (1st Cir.1992) (noting parties in Boettcher “would not likely have expected to suffer the unusual sanction of paying for a jury”).