**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 21 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

SALLY BEAUTY COMPANY, INC.,
a Delaware corporation; MARIANNA
IMPORTS, INC., a Nebraska
corporation,

      Plaintiffs,

v.

BEAUTYCO, INC., a Delaware
corporation,

      Defendant,

CRAIG S. FOCHLER; CHARLES R.
MANDLY, JR.; NATHAN E.
FERGUSON; JILL ROBB
ACKERMAN; MICHAEL
SULLIVAN,

      Appellants.

No. 03-6055

---

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(No. CIV-99-1372-C)**

---

Submitted on the briefs:     *

---

   * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination

(continued...)

Craig S. Fochler, Charles R. Mandly, Jr., and Nathan E. Ferguson of Wildman, Harrold, Allen & Dixon, LLP, Chicago, Illinois and Jill Robb Ackerman and Michael Sullivan of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, Omaha, Nebraska, on the briefs for Appellants.

Philip J. Weiser, University of Colorado School of Law, Boulder, Colorado, on the Amicus Curiae Brief.

---

Before **BRISCOE, BALDOCK,** and **LUCERO,** Circuit Judges.

---

A settlement agreement reached on the eve of trial generated the dispute before us. After determining that the parties' attorneys could have alerted the court to the settlement in time to avoid the expense of requiring the attendance of jurors in court the following morning, the district court assessed the expense of the jury impanelment jointly on the parties' counsel. The attorneys for one of the parties, Sally Beauty Co., Inc., appeal the assessment. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **AFFIRM**.

## I

On Monday, January 13, 2003, jury selection for the case underlying this dispute began in district court. Selected jurors were instructed to call Friday, January 17, after 5.00 P.M. to verify that trial was proceeding on Tuesday, January 21, as scheduled. Also on January 13, 2003, the parties reentered

---

[*](...continued)
of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

-2-

settlement conferencing with a magistrate judge. The magistrate judge informed counsel that the district court would need to know whether a settlement had been reached prior to 3:00 P.M. on Friday, January 17, in order to inform the jury. Following a three-day holiday weekend, at a hearing held the morning of Tuesday, January 21, and while the jury waited in the jury assembly room, the parties informed the district court judge that a settlement had been reached the previous evening.

After ordering that judgment be entered in accordance with the submitted consent order, the trial court proceeded to assess the costs of the jury jointly on counsel for both parties. In support of this decision, the trial judge explained that she had asked the magistrate judge to communicate to counsel that if the jury was required to appear unnecessarily, counsel would "be responsible for the cost of the jury panel." (App. at 193.) Counsel responded that the magistrate judge informed them of the 3:00 P.M. deadline so that the district court "could advise the jury," but that they had not been informed that any settlement reached after that time would result in the assessment of costs. (App. 193–94.) Further, they argue, a settlement had not been reached until late into the previous evening.

The court explained:

> I'd like to state for the record that this case has been announced settled to me something like five times in the last week . . . . I am not proposing sanctions against counsel only because counsel have never announced to me that this case settled. . . . Well, the jury is here. . . . I'm going to impose the

cost of that on counsel jointly. I don't know who's been at fault for what's happened in this case or the communications that were made to me, and I don't particularly want to know, but I hope that it will never happen again. What's happened is an abuse of the system . . . . This case is dismissed. I will discharge the jury and you will be billed for your share of the jury costs.

(App. at 190, 194.)

Entering an order assessing costs in the amount of $405.68 to be borne equally by plaintiff and defendant counsel on January 23, 2003, the district court stated that "counsel required the attendance of the selected jury despite having settled the case in time to avoid the expense to the Courts . . . ." Sally Beauty Co. v. Beautyco., Inc., No. CIV-99-1372-C, slip op. at 1 (W.D. Okla. Jan. 23, 2003.) Counsel ("counsel") for Sally Beauty Co. now appeal.

## II

We review a district court order imposing jury costs on counsel for an abuse of discretion. In re Baker, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc). In considering whether the district court abused its discretion, we will examine the "totality of the circumstances, including the specific case under review, the total management problems for courts, and access and cost problems for litigants." Id.

In this case, counsel concede that it is within a federal district court's inherent power to assess costs against them. See, e.g., Martinez v. Thrifty Drug & Discount Co., 593 F.2d 992, 993–94 (10th Cir. 1979) (approving a district

-4-

court's shifting of jury costs, pursuant to local regulations, to counsel when counsel failed to notify the court of a settlement).  Nonetheless, they argue that such power must be "exercised with restraint and discretion."  Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980).  In particular, counsel argue that jury costs may be assessed to counsel only when individual lawyers demonstrate bad-faith conduct and only after affording counsel due process of law.  See Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991).  Counsel argues that the district court abused its discretion in levying costs because:  (1) they did not act in bad faith; and (2) they did not have notice of the possibility of costs, nor were they given specific findings in support of the assessment of costs in violation of their due process rights.

We are not persuaded.  As to bad faith, Chambers held that the inherent powers of the district court extend to awarding as a sanction attorneys' fees to the opposing party "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  501 U.S. at 45–46 (citations omitted).  Importantly, Chambers addressed the bad faith exception to the general "American Rule," which prohibits fee-shifting.  The Court did not, however, purport to limit fee-shifting to only bad faith contexts; rather, it required a finding of bad faith, with the attendant due process requirements, when a district court relies upon its inherent power to sanction a party for bad faith conduct.  We are persuaded by the

record, moreover, that we are not reviewing sanctions, but rather a taxing of jury costs. The district court judge expressly disclaimed any intent to sanction any of the attorneys involved in this matter and refused to attempt to assign individual blame. Accordingly, we reject counsel's assertion that Chambers controls here.

A more closely analogous case is Baker, 744 F.2d at 1441, in which we concluded that in cases where an attorney's conduct (e.g., the failure to take a deposition before trial) wastes the jury's time, a district court is well within its discretion to assign jury costs to the attorney. Id. at 1441, 1442. In fact, we held that in such cases, courts should assign costs "where the fault lies." Id. at 1440. We recognized that by requiring those who created the costs to bear them, court efficiency is promoted and tax money saved. Id. at 1441, 1442. Accord, United States v. Mottweiler, 82 F.3d 769, 772 (7th Cir. 1996) ("Costs should fall on those whose carelessness creates them, the better to induce people to take care. The public fisc should not be saddled with expenses that counsel could have averted by taking simple precautions.").

In the instant case, counsel settled on the eve of trial. While judicial economy is generally promoted by encouraging settlements, see, e.g., U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 28 (1994), much of the benefit of settlements to the judicial system is lost when the court is obligated to require the attendance of jurors at the opening of a trial of an already

settled matter. We reject counsel's invitation to graft a bad-faith requirement onto our existing precedent; rather, we reiterate that in the instant matter, because attorney conduct resulted in unnecessary jury costs, it was within the district court's discretion to assign costs.

Turning to the question of due process, counsel first argues that the district court did not make sufficiently specific findings to support an assessment of jury costs. Though we conclude that sanctions were not imposed here, we nonetheless look to the due process required to impose sanctions as a benchmark for evaluating whether counsel was given adequate process in the instant case. We have previously endorsed the view that when "a court imposes sanctions . . . it must sufficiently express the basis for the sanctions imposed to identify the excess costs reasonably incurred by the party to whom they will be due." Braley v. Campbell, 832 F.2d 1504, 1513 (10th Cir. 1987) (en banc). Following Braley, to impose sanctions, a court must make specific findings sufficient to: (1) identify the excess costs providing a basis for the sanctions; (2) identify the conduct leading to the sanctions in order to provide notice and to allow a meaningful response from the sanctioned attorney; and (3) identify for the reviewing court the reason for the sanction. Id.

Counsel suggests that the trial court's findings were deficient because the judge bundled the attorneys into a single group, not inquiring into individual

responsibility and thus failing to specify which attorneys were liable to pay the assessed jury costs. Baker, however, suggests that when the context for the assignment of costs is clear, and the justification for the imposition of costs is included in the record, as in this case, more specific findings are not required. Baker, 744 F.2d at 1442 ("While the record is not as explicit as it could be, we believe that the context is clear enough to understand the trial court's justification for imposing the sanction."). Further, because counsel knew they were settling after the court-imposed deadline, it is reasonable to expect that "if the fault [of the jury impanelment] lies with the attorneys, that is where the impact" of the assignment of jury costs should be felt. Id.

The district judge was not required to ascribe the fault, and therefore the costs, to particular attorneys in this case as the record does not indicate that any of the attorneys were particularly responsible for the case settling after the mandated deadline. Although we generally require individual assessments to impose a sanction as punishment, in the case of conduct by counsel of both parties which leads to avoidable court costs, assignment of culpability to individual attorneys may be impossible. We therefore conclude that the trial court's implicit determination that all the attorneys involved in the underlying matter were responsible for the unnecessary cost of seating the jury was not an abuse of discretion.

In addition to nonspecific assessment, counsel also argue that the court violated their due process rights by failing to provide notice that sanctions were being considered and an opportunity to respond to that notice. See Braley, 832 F.2d at 1513. Specifically, counsel contends that: (1) before the hearing on Tuesday, January 21, they had received no notice that the court was considering assessing jury costs; (2) several lawyers of record were not present at the January 21 hearing; and (3) the court's query: "Is there anything else from counsel?" (R. at 194) at the end of the hearing did not provide those attorneys present with a meaningful opportunity to respond to the decision to assess costs.

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). However, "due process is flexible and calls for such procedural protections as the particular situation demands." Id. at 334 (citation omitted). For example, the dismissal of a case presents greater due process concerns than the imposition of attorney's fees on the opposing party. Roadway Express, 447 U.S. at 767 n.14.

Importantly, the "adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstance show such party may be taken to have of the consequences of his own conduct." Link v. Wabash R. Co., 370 U.S. 626, 632

(1962). Here the parties were warned that they were to advise the court before 3:00 P.M. on January 17 of any settlement agreement in order to apprise the jury members that their presence in court on Tuesday, January 19, was not required. The fact that the parties now tell us that a settlement was not reached until late in the evening before trial does not change our analysis as the court's warning came against a background of various statutes (e.g., 28 U.S.C. § 1927) and rules (e.g., Fed. R. Civ. P. 16(f), Fed. R. App. P. 38) that were promulgated in part to encourage judicial efficiency and which authorize courts to impose sanctions, excess costs, expenses, and attorney's fees. Moreover, it is well established that a district court has broad, inherent power to manage its proceedings. See Roadway Express, 447 U.S. at 764–67. "It has long been understood that certain implied powers must necessarily result to our Courts of justice[,]. . . [powers which] are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." Chambers, 501 U.S. at 43 (citations omitted). We conclude that the possibility of the taxation of jury costs on counsel—where counsel settled after a court-imposed deadline, resulting in unnecessary court costs—is reasonably foreseeable in this case, and therefore that counsel had adequate notice of the possibility of taxation of jury costs against them. Accord, Devaney v. Continental Amer. Ins. Co., 989 F.2d 1154, 1160 (11th Cir. 1993) (holding due process is satisfied where counsel had reason to know of the

-10-

possibility of sanctions, despite the fact that the motions for sanctions named only the party and not counsel).

Next, we address counsel's argument that the trial judge's question, asking if counsel had anything else to bring to the court's attention, did not provide them an adequate opportunity to respond. First we note that because due process is contextual, what constitutes an adequate opportunity to respond in one instance may be entirely inadequate in another. Here we are faced with the imposition of costs of slightly more than four hundred dollars, to be divided evenly between the attorneys for the plaintiff and defense. Thus, relatively less process is due in the instant case than in a case where a party's claim is to be dismissed as a sanction, Roadway Express, 447 U.S. at 767 n.14, or even where a party is facing the possibility of monetary sanctions, as opposed to the assessment of court costs. Given that the taxation of jury costs was reasonably foreseeable, and given that counsel present were given an opportunity to raise their concerns regarding the taxation of costs at the close of the hearing — if only to object to the taxation or ask for permission to brief the matter — we find that in this context, an adequate opportunity to respond to the imposition of costs was provided to counsel.

In sum, the court: (1) instructed the magistrate judge to inform counsel to advise the court of a settlement in time to apprise the jury; and (2) gave counsel the opportunity to respond to the court's taxation of costs upon them at the

-11-

hearing on January 21. Given the amount of the costs taxed to counsel, the judge's explicit renunciation of an intent to sanction counsel, her warning to counsel to inform the court of any settlement in time to apprise the jury, and the opportunity given to counsel to respond to the assessment of costs at the January 21 hearing, we conclude that counsel received all the process that was due in this matter. Accordingly, we find no abuse of discretion on the part of the district court in assigning jury costs to the parties' counsel jointly.

For the reasons set forth above, we **AFFIRM**.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

No. 03-6055,  Sally Beauty Co. v. Beautyco, Inc.

**Briscoe,** Circuit Judge, dissenting:

I respectfully dissent.  In my view, the district court's order assessing jury costs against counsel was clearly a sanction that was issued without a factual basis in the record and without sufficient notice.  I would reverse.

I.

When the parties appeared before the district court for trial on January 13, 2003, the district judge advised them that she was ill.  The judge proposed conducting voir dire to select a jury and continuing the trial proceedings until January 21, 2003 (the day after the Martin Luther King, Jr., holiday), and the parties agreed.  After the district judge completed the voir dire proceedings, she advised the jurors to call the court "[a]nytime between Friday [at 5 p.m.] and Tuesday morning . . . to find out if you're still supposed to report" for trial.  App. at 182.  Following completion of voir dire, the magistrate judge conducted a settlement conference.  No settlement was reached but "substantial progress" was made and the parties continued throughout the ensuing week to engage in settlement discussions.  Aplt. Br. at 9-10.

On January 17, the district judge allegedly directed the magistrate "to communicate to [counsel]" that they would "be responsible for the cost of the jury panel" if the case settled after "3 o'clock on Friday."  App. at 193.  The magistrate "informed [one of the defense attorneys], who in turn relayed the

information to [the lead counsel for plaintiff Sally Beauty], that the district court would need to know that a settlement had been reached prior to 3:00 p.m. on Friday . . . if jurors were to be notified to avoid reporting for duty on Tuesday, January 21st." Aplt. Br. at 10. However, appellants and defense counsel deny being informed by the magistrate that they would be responsible for jury costs if settlement was reached after that time.

On the evening of January 20, the parties "finally did reach agreement to settlement terms," and "[a] signed writing memorializing the terms was received by plaintiffs' lawyers from defendant's lawyers at approximately 10:00 p.m." Aplt. Br. at 10. Between 8:00 and 9:00 a.m. the following morning, appellants "informally informed the Trial Judge's chambers that they believed . . . a settlement agreement had been concluded." Id. at 11. At a hearing convened at approximately 9:00 a.m., the district judge noted that she "ha[d] in front of [her] an agreed settlement order which [wa]s signed by most of you, [but] not enough to make it a settlement as yet." App. at 190. After confirming that defendant's insurer had agreed to pay the agreed settlement terms, the district judge noted her intent to discharge the jury and dismiss the "case on entry of the agreed settlement order." Id. at 193. In doing so, the judge expressed frustration at having "been told [apparently by the magistrate judge] that . . . the case [wa]s settled too many times." Id. at 190. Upon inquiry by the district judge, counsel

denied that they had been informed by the magistrate judge that jury costs would be imposed against them if the case settled after 3:00 p.m. on January 17. The district judge proceeded to impose the jury costs "on counsel jointly." Id. at 194. The written order, dated January 23, 2003, stated:

> As stated in open court on Tuesday, January 21, 2003, because counsel required the attendance of the selected jury despite having settled the case in time to avoid the expense to the Courts, counsel are required to pay to the Government those costs. As reflected by the records of the jury clerk, attached hereto, the total cost is $405.68. This shall be borne equally between Plaintiffs and Defendant. Each shall remit a check in the amount of $202.84, made payable to the U.S. District Courts within twenty (20) days.

Id. at 152. The district court granted appellants' motion for stay of judgment on February 13, 2003.

## II.

### *Nature of district court order*

Despite the majority's statement to the contrary, there is little doubt the district court's order constitutes a sanction. It is apparent from the record that the district court was not acting pursuant to any Federal Rule of Civil Procedure, statute, or local rule regarding the imposition of costs. Cf. Martinez v. Thrifty Drug & Discount Co., 593 F.2d 992, 993 (10th Cir. 1979) (approving local court rule of United States District Court for District of New Mexico "which authorized the court, under certain conditions, to impose jury costs against the parties and their counsel"); Fed. R. Civ. P. 54(d) (authorizing award of costs to prevailing

-3-

party and against losing party); 28 U.S.C. § 1920 (authorizing taxation of certain costs); 28 U.S.C. § 1927 (authorizing imposition of costs on any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously"). Thus, the only reasonable conclusion is that the district court was sanctioning counsel for what it viewed as noncompliance with its pretrial order regarding notification of settlement (i.e., its oral direction to counsel to notify the court if settlement occurred prior to 3 p.m. on January 17, 2003). See In re Baker, 744 F.2d 1438, 1440-41 (10th Cir. 1984) (characterizing similar order as sanction pursuant to Fed. R. Civ. P. 16(f)).

"[F]ederal district courts have the inherent power to manage their business 'so as to achieve the orderly and expeditious disposition of cases.'" LaFleur v. Teen Help, 342 F.3d 1145, 1149 (10th Cir. 2003) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). In particular, federal district courts have the inherent power "to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers, 501 U.S. at 44-45. We "review a court's imposition of sanctions under its inherent power for abuse of discretion." LaFleur, 342 F.3d at 1149 (internal quotations omitted). In doing so, we review the district court's underlying factual findings for clear error. Id. "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies

on clearly erroneous fact findings." Ashby v. McKenna, 331 F.3d 1148, 1149 (10th Cir. 2003) (internal quotations omitted).

*Lack of factual basis for sanction*

Appellants assert, and I agree, that the facts of record are inadequate to support the district court's sanction. There is no evidence in the record that appellants had been advised by the district court that settlement of the case after 3:00 p.m. on January 17, 2003, would result in the imposition of jury costs against them. Thus, as noted by appellants, there was no evidence that they acted in bad faith or in willful disobedience of a court order in settling the case on the night of January 20, 2003. Indeed, the district court made no findings of misconduct on the part of appellants or anyone else involved in the litigation. See App. at 194 ("I don't know who's been at fault for what's happened in this case or the communications that were made to me, and I don't particularly want to know."). Finally, and most troubling, the district court's written order of January 23, 2003, erroneously stated that counsel "required the attendance of the selected jury despite having settled the case in time to avoid the [jury] expense to the Courts." Id. at 152. As outlined above, the record belies this finding. A tentative settlement was not reached until 10:00 p.m. on January 20, 2003 (the night before trial), and the actual settlement agreement was not finalized until the morning of January 21, 2003 (when the defendant's insurer agreed to pay the terms of the

-5-

settlement).  Thus, contrary to the district court's written order, there is no evidence that the case was settled in time to avoid the jury expense.

*Lack of notice*

Appellants also contend the district court "failed to accord them due process of law," including providing them with "requisite notice " of the possibility of sanctions.  Aplt. Br. at 14.  I agree.

The only published circuit case that I have found on point is Boettcher v. Hartford Ins. Group, 927 F.2d 23 (1st Cir. 1991).  In Boettcher, the trial court directed that the plaintiff and her attorney pay $231.68 to the court's jury commissioner as a result of having settled their case on the first day of trial.  The trial court cited the following reasons for its order: "unnecessary costs incurred for the jurors' attendance at court; two days loss of trial time by the court; and unreasonable conduct by the plaintiff in delaying settlement."  927 F.2d at 25.  On appeal, the First Circuit reversed the trial court's order.  In doing so, the court noted there was "no local district court rule providing for the payment of jury costs for settling a case on the day of trial after the jury ha[d] reported to the courthouse," nor was notice "given to counsel in this case, either orally or in writing, at any time prior to the settlement that jury costs would be imposed if there was a settlement on the scheduled trial date."  Id.  The court concluded that "[l]ack of fair notice [wa]s fatal to [the trial court's] exercise of inherent power

-6-

under these circumstances." Id. at 26. Thus, the court set aside the sanctions "because appellants did not have fair warning of th[e trial court's] unwritten rule." Id. (internal quotations omitted).

As was the case in Boettcher, the district court here imposed its sanction order without fair warning to appellants. In particular, there was no evidence that appellants were advised by the magistrate judge that settlement of the case after 3:00 p.m. on January 17, 2003, would result in the jury costs being imposed on them. Absent such an express warning, I am not persuaded that reasonable attorneys in their position would or should have known they would be liable for such costs. See Zebrowski v. Hanna, 973 F.2d 1001, 1007 (1st Cir. 1992) (noting parties in Boettcher "would not likely have expected to suffer the unusual sanction of paying for a jury").