**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD EBERLY; PATRICIA
EBERLY,

        Plaintiffs,

        v.

CARL MANNING; LEE ZILLHART;
MARTHA ZILLHART; CHRISTINA A.
WIELAND,

        Defendants - Appellees,
    and

MAGELLA MANNING; ZUNI
MOUNTAIN, LTD., a New Mexico
Limited Partnership; LORENZO
SANCHEZ,

        Defendants,

WILLIAM G. STRIPP,

        Attorney - Appellant.

No. 06-2337
(D. New Mexico)
(D.C. No. CIV-04-977-WJ/RLP)

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **MURPHY**, **BRORBY**, and **McCONNELL**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I. Introduction

This appeal challenges sanctions imposed on plaintiffs' counsel pursuant to 28 U.S.C. § 1927. Attorney William Stripp appeals the district court's award of fees in the amount of $15,000 against him and in favor of the defendants. Taking jurisdiction under 28 U.S.C. § 1291, this court **AFFIRMS** the district court's order granting in part defendants' motion for § 1927 attorney's fees.

## II. Background

This diversity suit arises out of a contested easement that runs through the plaintiffs' land and is used by the defendants to access their land. Plaintiffs, Richard and Patricia Eberly, claimed the defendants, Carl Manning, Magella Manning, Christina Wieland, Martha Zillhart and Lee Zillhart, were trying to drive them off their land and filed a complaint alleging trespass, conversion, and prima facie tort.[1] The district court granted the defendants' motion for summary

_____

[1]In the same complaint, plaintiffs filed a fraud claim against Lorenzo
(continued...)

judgment,[2] finding the easement was valid and resolving all claims in favor of the defendants.

In its opinion granting summary judgment to the defendants, the district court noted it was difficult to determine the undisputed facts because the plaintiffs changed their version of the facts in light of the defendants' arguments. The district court explained at different times in the litigation the plaintiffs argued the easement did not exist; was no longer valid if it did exist; or it was not accurately depicted if did exist and was valid. The district court found the plaintiffs created "sham disputes" in arguing the road on which the defendants' alleged trespass and conversion took place was different from either the original dirt road or the road reserved as an easement, because the undisputed facts clearly indicated otherwise. The district court noted in addition to shifting their factual positions, the plaintiffs also shifted the legal positions on which they based the litigation.

---

[1](...continued)
Sanchez and Zuni Mountain Ltd. relating to their actions in selling plaintiffs the land. The claims against Sanchez and Zuni Mountain were dismissed by the district court without prejudice at the request of the plaintiff. For the purposes of this appeal, the substance of these claims is irrelevant.

[2]The claims against Christina Wieland and Magella Manning were dismissed with prejudice for insufficiency of process. The claims against Carl Manning, Martha Zillhart and Lee Zillhart were resolved in defendants' favor on summary judgment.

After the district court granted summary judgment, the defendants filed a motion for sanctions under Federal Rule of Civil Procedure 11 and a motion for attorney fees pursuant to 28 U.S.C. § 1927.[3]  The district court denied the motion for Rule 11 sanctions, but partially granted the defendants' motion for § 1927 fees. In reaching its conclusion, the district court found plaintiffs' counsel, William Stripp, seemed to have ignored evidence which repudiated his clients' claims early on in the litigation.  The district court also found it was likely the claims brought against Wieland, who had not entered the property since 2001, the year the trespass was alleged to have begun, were asserted to harass and pressure the other defendants.[4]

The court found the only real dispute in the case was the validity of the easement, which plaintiffs knew about from the time they purchased the property in 1993.  Had counsel conducted a proper investigation of the facts and the law, this would have been obvious.  In fact, the district court pointed to evidence indicating Stripp was most likely on notice that the facts did not support his clients' claims.  The district court also pointed to plaintiffs' tendency to shift legal positions in order to withstand defendants' motions to dismiss.  The court noted the plaintiffs made "absurd" arguments in attempts to avoid dismissal.  For

[3]Carl Manning, Martha Zillhart, and Lee Zillhart were parties to the Rule 11 motion.  Carl Manning, Christina Wieland, Martha Zillhart, and Lee Zillhart were parties to the 28 U.S.C. § 1927 motion.

[4]Martha Zillhart and Carl Manning are Wieland's children.

example, the plaintiffs argued the defendants were trespassing whether or not they stayed within the easement area marked on the subdivision plat.  Also, plaintiffs vacillated on whether they would dispute the existence of the easement in this lawsuit, a critical factual element of the case.

The district court awarded sanctions against Stripp in the amount of $15,000.  Stripp now appeals the order of the district court.

## III.  Discussion

## A.  Jurisdiction

The district court had jurisdiction in this diversity matter pursuant to 28 U.S.C. § 1332(a)(1) and this court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.  A sanction order against an attorney is not a final judgment when the underlying controversy remains unresolved and, therefore, cannot trigger appellate jurisdiction under § 1291.  *G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 827 (10th Cir. 1990).  We note that some claims were dismissed in the district court without prejudice, which in some cases would render the judgment not final and not appealable.  *Heimann v. Snead*, 133 F.3d 767, 769-70 (10th Cir. 1998).

The judgment at issue here, however, is final for the purposes of § 1291. The parties dismissed without prejudice, Lorenzo Sanchez and Zuni Mountain Ltd., are not parties to this appeal and did not bring a motion for sanctions.  There are no unresolved claims between the parties to this appeal.  *Cf. id* (holding where

counterclaims were dismissed without prejudice, the judgment of the district court was not final). In addition, plaintiffs' claims against Sanchez and Zuni Mountain, while arising out of the same plot of land, are not related to the claims against the parties to this appeal. There is also no evidence the parties conspired to create appellate jurisdiction. *See id.* at 769 ("Parties may not confer appellate jurisdiction upon us by obtaining a voluntary dismissal without prejudice of some claims so that others may be appealed."). As a result, this case is sufficiently distinguishable from *Heimann.* The judgment of the district court is final and this court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

**B. Section 1927 Sanctions**

Twenty-eight U.S.C. § 1927 provides, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions are appropriate when an attorney acts recklessly or with indifference to the law; is cavalier or bent on misleading the court; intentionally acts without a plausible basis; or when the entire course of the proceedings is unwarranted. *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1221 (10th Cir. 2006). We consider an attorney's actions under the standard of objective bad faith. *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc). A district courts's award of §

1927 fees is reviewed for abuse of discretion, but any statutory interpretation or other legal analysis is reviewed de novo. *Steinert*, 440 F.3d at 1221.

*1. Sanctions Based on Filing the Complaint*

Stripp contends that the district court improperly based its imposition of sanctions on the initial filing of the complaint in federal court. Section 1927 "necessarily excludes the complaint that gives birth to the proceedings, as it is not possible to multiply proceedings until *after* those proceedings have begun." *Steinert*, 440 F.3d at 1225. We find no basis for Stripp's contention. The district court explicitly rejected the defendants' argument that sanctions were warranted based on the plaintiffs' assertion of federal jurisdiction. Instead, the district court explained its decision was based on counsel's behavior during the proceedings, which is a proper basis for § 1927 sanctions.

*2. Basis for § 1927 Sanctions*

Stripp next argues there was no evidence of unreasonable or vexatious behavior warranting the imposition of sanctions and the district court failed to adequately explain what behavior constituted the basis for its award of sanctions. We cannot agree that the district court abused its discretion in finding adequate justification for the imposition of sanctions.

In its opinion, the district court discussed specific conduct justifying sanctions and explained how those actions unreasonably multiplied and increased the costs of the proceedings. As explained in the Memorandum Opinion and

Order on Motions for Sanctions and Attorney's Fees, the court gave examples of the shifting positions adopted by the plaintiffs in order to avoid summary judgment, which increased costs to the defendants who had to respond to the changing arguments. For example, when the defendants argued the district court lacked subject matter jurisdiction because plaintiffs failed to exhaust their administrative remedies on the subject of the easement's validity, the plaintiffs changed their position and argued the defendants had trespassed outside the easement boundaries. In response to a later motion for summary judgment, the plaintiffs sought dismissal without prejudice because they had determined the cost of proceeding with the litigation would outstrip the value of the land, a fact that should have been readily apparent earlier in the proceedings.

The district court also provided examples of "sham disputes" manufactured by the plaintiffs, which increased costs to the defendants who had to respond to the disputes. For example, the plaintiffs placed significant emphasis on the defendants' widening of a pre-existing road to thirty feet, when it was undisputed that the road easement was forty feet. Further, plaintiffs alleged defendants trespassed regardless of whether they were within the easement and vacillated on whether they would dispute the existence of the easement, the only real issue in the lawsuit. The district court found these tactics unnecessarily prolonged the life of this case.

The district court's decision explains that all claims in this dispute were predicated on whether the easement was valid. The aforementioned tactics were designed to obfuscate this core issue. This occurred even though, according to the district court's finding, the plainitffs' knew about the existence of a valid easement at the time they purchased the land. When an attorney pursues meritless claims, the course of the proceedings is unwarranted and sanctions are justified. *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278-79 (10th Cir. 2005) This court concludes the imposition of sanctions under § 1927 was not an abuse of discretion.

*3. Specificity of Findings Regarding the Amount of Sanctions*

Finally, Stripp argues the district court abused its discretion in awarding the amount of $15,000 because it failed to provide adequate specificity in its findings. In order to impose sanctions, a district court must make findings sufficient to "(1) identify the excess costs providing a basis for the sanctions; (2) identify the conduct leading to the sanctions in order to provide notice and to allow a meaningful response from the sanctioned attorney; and (3) identify for the reviewing court the reason for the sanction." *Sally Beauty Co., Inc. v. Beautyco, Inc.*, 372 F.3d 1186, 1190 (10th Cir. 2004).

The defendants requested a total of $32,457.50 in attorneys fees for 235.2 hours of work that counsel expended in this matter. The district court determined that although the fee charged by the defendant's attorney was reasonable, a lower

number of hours expended seemed more reasonable given the complexity of the matter and awarded $15,000.  Although the district court did not itemize its deductions, "[a] general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir. 1986).  The district court, therefore, did not abuse its discretion in choosing to set fees at $15,000.

Furthermore, the district court adequately explained the costs associated with the sanctionable conduct.  As explained, *supra*, the district court discussed the specific conduct justifying sanctions, and the excess costs associated with the conduct.  Specifically, it noted counsel's tactics unnecessarily prolonged the case and therefore increased associated costs.  "[W]hen the context for the assignment of costs is clear, and the justification for the imposition of costs is included in the record . . . more specific findings are not required." *Sally Beauty Co.*, 372 F.3d at 1190.  The district court met this standard and, as a result, we cannot say that the district court abused its discretion.

## IV. Conclusion

The judgment of the United States District Court of New Mexico is

**AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge