**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 14, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

PORTER BRIDGE LOAN
COMPANY, INC.,

          Plaintiff-Appellee,

v.

FREDERICK H. NORTHROP,

          Defendant-Appellant,

and

NANCY G. HENTGES, Trustee of
the Nancy G. Hentges Trust;
MARK MARTENS,

          Defendants.

------------------------------

STEPHEN J. CAPRON,

          Attorney-Appellant.

No. 13-5054
(D.C. No. 4:09-CV-00593-JED-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **McHUGH**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

Defendant Frederick H. Northrop and his attorney Stephen J. Capron appeal the district court's order sanctioning them for failing to respond adequately to post-judgment discovery propounded by plaintiff Porter Bridge Loan Co. (Porter Bridge). We dismiss the appeal as to Dr. Northrop and affirm the district court's award of sanctions against Mr. Capron.

## I.    BACKGROUND

Porter Bridge obtained a default judgment against Dr. Northrop and other defendants. In June 2011, it served him with discovery requests pursuant to Fed. R. Civ. P. 69(a)(2), which states: "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules . . . ." Dr. Northrop failed to furnish complete responses, including responses concerning assets and disbursements from the Frederick H. Northrop Trust (the Trust), a trust for which Dr. Northrop is both the trustor and the trustee. Eventually, in early November, 2011, Porter Bridge filed a motion to compel. On February 15, 2012, the magistrate judge entered an order to compel discovery, but denied Porter Bridge's request for fees and costs. Dr. Northrop then produced supplemental responses, but Porter Bridge deemed them inadequate. The magistrate judge held a telephonic hearing on August 6, 2012, and ordered the parties to meet and confer to resolve the discovery disputes. After the meeting, Dr. Northrop provided another supplemental discovery response, which Porter Bridge again found incomplete, so it

- 2 -

notified the magistrate judge, who ordered supplemental briefing. In its supplemental brief on the motion to compel, Porter Bridge requested sanctions pursuant to Fed. R. Civ. P. 37(b)(2), as well as reimbursement for its attorney fees and costs.

On October 25, 2012, the magistrate judge entered an order denying in part and granting in part Porter Bridge's supplement to its motion to compel, and ordered Dr. Northrop to provide additional information and documentation in response to the discovery requests. The magistrate judge found the discovery delays were not substantially justified and no other circumstances made an award of sanctions unjust. Accordingly, he "impose[d] a monetary sanction in the total amount of $1,500.00 on Northrop and his counsel, jointly and severally, as a sanction for [their failure to discharge their duty to complete discovery]." Aplt. App. at 191. Dr. Northrop sought review by the district court, and the district court affirmed. Dr. Northrop and Mr. Capron appeal the imposition of a sanction; they do not challenge the amount of the sanction.

## II.    BANKRUPTCY DISCHARGE MOOTED NORTHROP'S APPEAL

After this appeal was filed, Dr. Northrop received a discharge in bankruptcy. Accordingly, this court is prevented from granting him any effective relief because the bankruptcy discharge operates to release him from his debts. *See* 11 U.S.C. § 727(b) (providing that discharge in bankruptcy "discharges the debtor from all debts that arose before the date of the order for relief"). Therefore, his appeal is moot and will be dismissed.[1]

---

[1]    Neither party has addressed whether the sanction order is dischargeable in bankruptcy. Therefore, the issue is waived. *See San Juan Citizens Alliance v. Stiles*,

Attorney Capron's appeal is not mooted by the bankruptcy discharge. Counsel has standing to appeal orders directly affecting him. *See Kaufman v. Am. Family Mut. Ins. Co.*, 601 F.3d 1088, 1095 (10th Cir. 2010).

## III.    SANCTION AWARD AGAINST ATTORNEY CAPRON

Mr. Capron challenges the district court's order imposing on him a discovery sanction of $1,500.00. Under Rule 37(b)(2)(A) & (C), if a party "fails to obey an order to provide or permit discovery," the district court "must order the disobedient party, *the attorney advising that party, or both* to pay the reasonable expenses, including attorney fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (Emphasis added.) We review a district court's discovery-sanction order for an abuse of discretion. *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011). We also review for an abuse of discretion the district court's discovery rulings. *Carr v. Castle*, 337 F.3d 1221, 1232 (10th Cir. 2003).

A party and his counsel may both be held personally liable for expenses incurred in failing to comply with discovery orders. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980). "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Id.* at 763-64 (internal quotation marks and brackets omitted).

---

654 F.3d 1038, 1056 (10th Cir. 2011) (holding issue not raised sufficiently in opening brief is waived on appeal).

## A. Due Process

Mr. Capron asserts that the sanction order violated his rights to due process because he did not have notice and an opportunity to be heard before the sanction was imposed. Due process requires that a party facing the assessment of costs and attorney fees have "notice that such sanctions are being considered by the court and a subsequent opportunity to respond. An opportunity to be heard does not require an oral or evidentiary hearing on the issue; the opportunity to fully brief the issue is sufficient to satisfy due process requirements." *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 268 (10th Cir. 1995) (citation omitted). Moreover, "due process concerns posed by an outright dismissal are plainly greater than those presented by assessing counsel fees against lawyers." *Roadway Express, Inc.*, 447 U.S. at 767 n.14. And whether the notice and hearing were adequate "turns, to a considerable extent," on circumstances showing that the party knew of the "consequences of his own conduct." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962).

Porter Bridge's supplemental brief in support of its motion to compel requested sanctions under Rule 37(b)(2), which clearly provides for sanctions against a party and his attorney. We conclude that the possibility that counsel would be sanctioned for the extended discovery failures was reasonably foreseeable and that counsel had adequate notice that sanctions could be imposed on him. *See Sally Beauty Co. v. Beautyco, Inc.*, 372 F.3d 1186, 1191 (10th Cir. 2004) (finding it reasonably foreseeable that counsel would have jury costs taxed against them where counsel settled the case after a court-imposed deadline, resulting in unnecessary court costs); *see also id.* (citing

- 5 -

*Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1160 (11th Cir. 1993), for the proposition that "due process is satisfied where counsel had reason to know of the possibility of sanctions, despite the fact that the motions for sanctions named only the party and not counsel"). Mr. Capron had an opportunity to respond, and filed a written response, before the magistrate judge entered the sanction order. Therefore, we conclude Mr. Capron did not suffer a violation of his due process rights.

## B. Discovery Rulings

Mr. Capron challenges the district court's findings that he and his client failed to comply with Porter Bridge's discovery requests. Therefore, he claims the failures could not form the basis for a sanction. The court held that Dr. Northrop had not fully complied with Interrogatory No. 12, which requested that he "[i]dentify and describe all instances in which the Trust has paid any account payable or other expense or liability of Northrop during the Relevant Time Period." Aplt. App. at 227 (internal quotation marks omitted). The district court found that banking records for the Trust showed expenditures for personal expenses that were not explained, as well as transfers of funds to unnamed accounts. Mr. Capron contends that the unidentified payments and transfers were improperly the subject of the motion to compel because there is no evidence that they were made on an account, or for an expense, of Dr. Northrop. He says that the payments could have been made to benefit one of the other trust beneficiaries, and that he had furnished all information pertinent to Dr. Northrop. In essence, he asks the court and Porter Bridge to take his word for it, rather than have access to all of the information. But as the district court noted, Porter Bridge was "entitled to the detailed information that

reflect[ed] the transactions in order to determine whether there were fraudulent transfers."

*Id.* at 228.

Turning to the deficiencies in the requests for production of documents, Mr. Capron argues generally that Porter Bridge did not identify any of the particular documents that were not produced or show that the documents had been in Dr. Northrop's possession.  But Porter Bridge could not be expected to identify documents it did not receive or to know what documents Dr. Northrop did nor did not possess.

As to the specific document requests, the district court held that the responses were inadequate concerning the AT&T and ONG accounts listing Dr. Northrop as "the obligor" or "an obligor."  Even though Dr. Northrop was listed as an account obligor, Mr. Capron maintains that these accounts are not relevant to a document request for Dr. Northrop's accounts payable because he did not pay them.[2]  We disagree; the district court did not abuse its discretion in ruling that, as an obligor on the accounts,

---

[2]    Mr. Capron also argues that sanctions cannot be based on a failure to produce these documents because opposing counsel refused to meet and confer, as required by Rule 37(A)(5)(a)(i).  This allegation appears to be based solely on a footnote in his opposition to Porter Bridge's motion to compel.  *See* Aplt. App. at 154 n.2. Mr. Capron asserted that during the meet-and-confer session, he wished to analyze whether these accounts were "technically" accounts payable, even though Dr. Northrop "did not consider [them to be] his obligation."  *Id.*  Opposing counsel declined to engage in such a discussion.  We conclude that these circumstances do not qualify as a refusal to meet and confer.  *See* Rule 37(a)(1) (requiring party moving for order compelling discovery to certify that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action").

Dr. Northrup was required to produce the account information in response to the documents request.

The district court next determined that records pertaining to large transfers of money from the Trust to unidentified accounts or by checks payable to "Pat Northrop" or "Cash" were insufficient and ordered Dr. Northrop to supplement the relevant financial records and information. Mr. Capron argues that he was improperly sanctioned for failing to provide *information*, rather than documents. But this request is related to the information requested by Interrogatory No. 12, discussed above. Thus, not only could Porter Bridge have expected the documents to reveal *information*, Mr. Capron and his client should have provided both documents and information on this topic.

Mr. Capron further contends that Dr. Northrop produced all of the documents relevant to the Trust that were in his possession or control. This representation is undercut by the facts that Dr. Northrop was both trustor and trustee, and that he did produce some Trust documents responsive to the requests for production, thus indicating that even if he did not have the remaining documents in his possession, he had "the legal right, authority or ability to obtain [them] upon demand." *U.S. Int'l Trade Comm'n v. ASAT, Inc.*, 411 F.3d 245, 254 (D.C. Cir. 2005) (defining "control" of documents).

The district court also determined that Dr. Northrop had not produced the account information for a certain Chase credit card account. Mr. Capron asserts that this account was used for Dr. Northrop's medical practice and the records for it had been produced prior to the sanction order. The district court acknowledged that some of these records

- 8 -

had been produced and did not abuse its discretion by ordering production of all of the records.

## C. Sanction Order

Having concluded the district court did not abuse its discretion by finding Dr. Northrop and his counsel had not fully complied with discovery or in compelling them to do so, we finally consider Mr. Capron's arguments pertaining to imposition of the sanction order itself. In general terms, he asserts a number of contentions that are merely patent obfuscations.

He states the magistrate judge found Dr. Northrop's efforts to comply were generally responsive, thus no actual prejudice resulted from his acts or those of his counsel. Mr. Capron asserts the AT&T and ONG records were irrelevant to any inquiry into Dr. Northrop's fraudulent intent, thus no interference with the judicial process was caused. He then reprises the issue of notice with which we have already dealt, and concludes the sanctions were not required to prevent future discovery failures.

From the record, it is patent to us Mr. Capron and his client received the benefit of a very patient court. Indeed, they had three opportunities to comply properly with discovery, but by standing on specious contentions, they failed to do so. Yet, as we have previously held, three failed opportunities are "more than enough" to warrant imposition of sanctions. *Lee*, 638 F.3d at 1321. Consequently, we also hold the district court did not abuse it's discretion by imposition of sanctions of $1,500.00 upon Mr. Capon and his client.

## IV. CONCLUSION

Dr. Northrop's appeal is dismissed as moot. The district court's sanction award against Attorney Capron is affirmed.

Entered for the Court

John C. Porfilio
Circuit Judge