FILED
United States Court of Appeals
Tenth Circuit

June 17, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PHILLIP DAVID HASKETT,

    Plaintiff - Appellant,

v.

GARY WOODROW FLANDERS;
DOMINICK LUNA; COLORADO
SPRINGS POLICE DEPARTMENT;
CITY OF COLORADO SPRINGS,

    Defendants - Appellees.

No. 15-1428
(D.C. No. 1:13-CV-03392-RBJ-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

    Phillip David Haskett and Gary Woodrow Flanders have a contentious history dating back more than a decade. This chapter of their litigation saga involves three state-law claims, brought by Mr. Haskett against Mr. Flanders. After the clerk of the district court had summoned the jury venire, the parties stipulated that the claims could be tried to the bench. On one claim, the district court found in favor of

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Haskett and awarded him damages, but on the other claims it found in favor of Mr. Flanders. The district court also assessed costs against Mr. Haskett for the costs of summoning the jury. Mr. Haskett appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

The case arises from a November 1, 2012, incident in Colorado Springs, Colorado. Mr. Flanders saw Mr. Haskett in line at the post office. Allegedly thinking Mr. Haskett's vehicle might be an asset available to settle a debt owed to him, Mr. Flanders took pictures of the vehicle and of Mr. Haskett himself when he emerged from the post office. Then, as the district court stated, "depending on whose testimony is believed, one or both of these gentlemen made unpleasant remarks." R., Vol. I at 1394. The district court found that these remarks included statements by Mr. Haskett threatening violence against Mr. Flanders.

Mr. Flanders called 911 and said Mr. Haskett had threatened to kill him and then made a police report repeating that allegation. After the investigating officer interviewed a witness who claimed to have heard Mr. Haskett make threatening statements to Mr. Flanders, the officer filed a charge of harassment against Mr. Haskett. Mr. Flanders later informed a mutual business associate that Mr. Haskett had implicated the associate in a murder plot against Mr. Flanders.

The harassment charge eventually was dismissed, although not before costing Mr. Haskett more than $12,000 in fees and expenses. And Mr. Haskett allegedly lost a $90,000 deal with the business associate due to Mr. Flanders' murder-plot remark.

2

Relying on diversity jurisdiction under 28 U.S.C. § 1332, Mr. Haskett sued Mr. Flanders for defamation (based on the murder-plot statement), malicious prosecution (based on the harassment charge), and interference with contractual relations (for the loss of the deal).

After a bench trial, the district court found that Mr. Haskett had proven his defamation claim and awarded him $500 in compensatory damages and $1,000 in punitive damages. The district court further found that Mr. Haskett had failed to prove malicious prosecution and interference-with-contract and granted judgment to Mr. Flanders on those claims. Finally, the district court ordered Mr. Haskett to pay jury costs in the amount of $1,547.65 under 28 U.S.C. § 1332(b).

## II. DISCUSSION

Both parties appear pro se before this court, as they did in the district court. "Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets, citation, and internal quotation marks omitted). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

**A.    Evidentiary Issues**

Mr. Haskett challenges several rulings on motions in limine.  Our review is for abuse of discretion.  *See Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1249 (10th Cir. 2013).

**1.    Mr. Flanders' Evidence (Issues 2 and 4)**

Mr. Haskett complains that the district court allowed Mr. Flanders to proceed at trial even though he failed to make timely pre-trial disclosures under Fed. R. Civ. P. 26(a)(3).  He also complains that the district court allowed Mr. Flanders to testify about matters as to which, when being deposed, Mr. Flanders had said he had no recollection.  Mr. Haskett filed two motions in limine on these issues, seeking to strike Mr. Flanders' untimely pre-trial exhibit list, to exclude all evidence and witnesses Mr. Flanders might offer at trial, and to preclude Mr. Flanders from testifying about any matter that he had said he did not recall when being deposed. The district court denied the motions in limine at the beginning of the trial.

The record, however, does not include the trial transcript—Mr. Haskett asserts that "since he lacked funds to purchase a transcript of the trial proceedings, [he] saw no reason to submit a transcript." Aplt. Opening Br. at 11 (footnote omitted).  It is the appellant's duty to "provide all portions of the transcript necessary to give the court a complete and accurate record of the proceedings related to the issues on appeal." 10th Cir. R. 10.1(A)(1).  Without the transcript, we do not know what reasons, if any, the district court gave for denying the motions in limine.  Nor can we evaluate the content or effect of any testimony or evidence received at trial.  Thus, it is impossible

4

for us to consider whether denying the motions was harmless or to "reverse the District Court's order where it was predicated on anything testified to by . . . Flanders," as Mr. Haskett requests in his fourth issue. Aplt. Opening Br. at 21. Because the record is insufficient for review of the decisions regarding the motions in limine, we must affirm. *See Bolden v. City of Topeka*, 441 F.3d 1129, 1151 (10th Cir. 2006); *McGinnis v. Gustafson*, 978 F.2d 1199, 1201 (10th Cir. 1992).

### 2.     Photographs (Issue 5)

Mr. Haskett also complains that the district court allowed Mr. Flanders to introduce into evidence photographs that Mr. Flanders failed to produce in digital format until the last minute. (Mr. Haskett wanted a digital media expert to determine whether the eight photographs that Mr. Flanders had produced in hard copy were all the photographs that he had taken, or whether Mr. Flanders had deleted or concealed other photographs.) Mr. Haskett filed a motion in limine seeking exclusion of the photographs. The district court denied the motion in a written order, allowing Mr. Flanders to offer the eight photographs and allowing Mr. Haskett to "attempt to show that there were other photographs taken, and that the defendant refused to produce his camera equipment so that the existence or non-existence of other photographs could be determined." R., Vol. I at 974. Mr. Haskett's opening brief does not explain why he believes this ruling was an abuse of discretion, and we perceive no abuse. Mr. Flanders was restricted to presenting the photographs that he originally produced, and Mr. Haskett was allowed to make the spoliation argument that he wished to present. And as discussed above, the lack of a trial transcript

5

means that we cannot evaluate any evidence introduced or arguments made on this point at trial. Accordingly, we must affirm. *See Bolden*, 441 F.3d at 1151.

**B.      District Court's Findings (Issue 3)**

Mr. Haskett challenges certain of the district court's findings regarding his malicious prosecution claim. "In an appeal from a bench trial, we review the district court's factual findings for clear error and its legal conclusions de novo." *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009) (internal quotation marks omitted).

A Colorado malicious prosecution claim has the following elements: "(1) the defendant contributed to bringing a prior action against the plaintiff; (2) the prior action ended in favor of the plaintiff; (3) no probable cause; (4) malice; and (5) damages." *Hewitt v. Rice*, 154 P.3d 408, 411 (Colo. 2007). The district court held that the claim failed on the element of "no probable cause." Mr. Haskett argues that in light of certain specific factual findings, the district court could not then logically conclude that he failed to establish a lack of probable cause.

The district court found: "[I]t is more probable than not that Flanders was 'in [Haskett's] face;' that his conduct was offensive; and that he was inviting trouble," R., Vol. I at 1400, and "I doubt that Flanders thought that Haskett's statements were true threats on his life. . . . [I]t is more probable than not that Flanders interpreted the statements as a hothead's blowing smoke. . . . [I]t is more likely that he was angry, and that, after reflection, he decided that the incident offered him an opportunity to cause Haskett some trouble," *id.* at 1401-02. Mr. Haskett asserts that "[t]hese very

6

specific factual findings make it tautologically impossible that the Court could also find that Flanders had *had* probable cause to charge Haskett with harassment." Aplt. Opening Br. at 19.

The district court also found, however, that "it is more likely than not that Haskett did make threatening statements to Flanders, not necessarily the exact statements that Flanders wrote down . . . , but statements threatening violence against Flanders." R., Vol. I at 1401. It held that Mr. Haskett failed to establish a lack of probable cause because, even though malice was at least one motivator for Mr. Flanders' police report, "Haskett's actions and statements in front of the Post Office plainly were probably made with the intent to harass, annoy or alarm Flanders. Haskett's conduct could reasonably be interpreted as insults, taunts, or challenges made in a manner likely to provoke a disorderly response." *Id.* at 1406-07. Such conduct, the district court concluded, met the definition of harassment under the Colorado Springs municipal code.

We disagree with Mr. Haskett's perception that the district court's findings and conclusions are internally incompatible. The district court's findings regarding Mr. Haskett's conduct adequately support its conclusion regarding probable cause. We therefore decline Mr. Haskett's invitation to substitute our judgment for the district court's and to enter judgment for him on his malicious prosecution claim. We also decline to consider this argument as a request for a directed verdict, as Mr. Haskett argues in his reply brief. Arguments not raised in an opening brief are waived. *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011).

7

**C.     Jury Costs (Issue 1)**

Mr. Haskett argues that the district court erred in assessing jury costs because the week before the scheduled trial, he waived his right to a jury. He states that this waiver satisfied a local rule allowing assessment of jury costs when the court is not timely notified before trial that a suit has been resolved. *See* D.C.COLO.LCivR 54.2. He further surmises that, given his waiver, there could have been no jury summoned for his trial, and so he was improperly assessed the costs of another jury called for that day. And he asserts that the amount assessed in jury costs—$1,547.65—was "improbably *proximate* to the damages award." Aplt. Opening Br. at 10.

Mr. Haskett mistakenly focuses on the local rule. The district court did not assess jury costs under that rule, but instead based its decision on 28 U.S.C. § 1332(b), which provides, "where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000, . . . the district court . . . may impose costs on the plaintiff." Mr. Haskett's opening brief does not address § 1332(b); his only arguments regarding that statute appear in his reply brief. But as stated, issues not raised in an opening brief are waived. *Reedy*, 660 F.3d at 1274. Also, it does not appear that Mr. Haskett raised his belated § 1332(b) arguments in the Fed. R. Civ. P. 59(e) motion regarding the jury-cost award that he filed in the district court. Generally, "[a]n issue is waived if it was not raised below in the district court," *Wilburn v. Mid–South Health Dev., Inc.*, 343 F.3d 1274, 1280 (10th Cir. 2003), and Mr. Haskett gives us no reason not to apply the general rule.

8

Mr. Haskett, however, did assert both in his opening brief and before the district court that the venire was summoned for another trial and the amount assessed for jury costs was improbably close to the amount of his damages award. We therefore will review these arguments, applying an abuse-of-discretion standard. *See Sally Beauty Co. v. Beautyco, Inc.*, 372 F.3d 1186, 1189 (10th Cir. 2004) (stating that a jury-cost order is reviewed for abuse of discretion). The district court's clerk certified that costs in the amount of $1,547.65 were incurred for jurors called for this case. Mr. Haskett's arguments to the contrary are based only on his own speculation and innuendo. Such unsupported allegations are insufficient to show that the district court abused its discretion with regard to the jury-cost award.

## D.      Remaining Issues (Issues 6 and 7)

The statement of issues in Mr. Haskett's opening brief lists seven issues. But the brief does not present any argument regarding the sixth or seventh issues. Thus, these issues are waived for insufficient briefing. *See Reedy,* 660 F.3d at 1274 ("It is insufficient merely to state in one's brief that one is appealing an adverse ruling below without advancing reasoned argument as to the grounds for the appeal." (internal quotation marks omitted)).

## III.    CONCLUSION

Mr. Flanders' response-brief request for an award of costs and expenses for

9

responding to frivolous arguments is denied. Fed. R. App. P. 38 requires such a request to be made in a separate filing. The district court's judgment is affirmed.

Entered for the Court


Carolyn B. McHugh
Circuit Judge